*Payne* for appellant.

COLLINS
vs.
SECREH.

---

## Chaplin &c. vs Simmons' heirs.

Error to the Bullitt Circuit; PAUL I. BOOKER, Judge.

*Dower. Executors and administrators. Husband and wife. Slaves. Hire. Infants. Guardians and wards.*

Judge OWSLEY delivered the Opinion of the Court.

RICHARD SIMMONS having departed this life intestate, administration of his estate was granted by the county court of Bullitt, to his widow, Sophia Simmons, who, together with Cephas and Jonathan Simmons, her sureties, executed bond as required by law.

Some two or three years after the death of the insestate, his widow married James Chaplin, who, together with his wife, occupied and enjoyed the mansion house and plantation of the intestate Simmons, until his wife afterwards departed this life, without her dower ever having been assigned her.

Before her marriage with Chaplin, the widow Simmons, as administratrix of the estate of her husband Simmons, caused an inventory to be taken, and sale made, of the intestate's estate, omitting however to sell a negro woman that belonged to the estate.

That negro she retained in her possession until her marriage with Chaplin, who thereafter had the use of her services until he sold her for the price of two hundred and fifty dollars.

At the time of his death, the intestate, Simmons,

CHANCERY.

Case 69.

June 12.

Case stated.

CHAPLIN &c. vs. SIMMON's h's.

had several children, and his wife was afterwards delivered of another. These children all continued to reside with their mother during her life time, and were infants at the commencement of this suit, and may be still so.

Bill by Simmons' heirs.

To obtain an account of the personal estate, as well as to recover the value of the negro woman, and pay for her services, and rent for the plantation of which Chaplin has had the use, this suit in chancery was brought, in the name of the children of the intestate Simmons, by their next friend, John Purcell, against Cephas and Jonathan Simmons, the sureties of the administratrix, and her surviving husband, James Chaplin.

Decree of the circuit court.

After the accounts were stated by a commissioner, in a manner directed by the court, a decree was pronounced for four hundred and eighty one dollars and eight cents, against the defendants in the circuit court, jointly, that being the balance adjudged against them, after allowing all credits to which they were considered by the court to be entitled.

It is quite evident, that in fixing on the amount decreed, the court must have departed from those principles of law and rules of equity, by which it should have been governed in deciding on the contested rights and liabilities of the parties. But as the cause must again return to the circuit court for further proceedings, it is thought to be unnecessary to scrutinize minutely, the various items contained in the account reported by the commissioner, or to do more than decide the principles by which that court is to be guided, upon the return of the cause, in its further adjustment of the accounts, and ultimate decree.

Widow is entitled to the mansion house and the wholeplantation, rent free, till her dower is assigned her.

And in the first place, we would remark that the extent of liability is not precisely the same in all of the defendants in the circuit court. As respects the claim of the complainants for rent, there is no difference. The rent is claimed for the use of a plantation, which the widow of the intestate Simmons had the undoubted right to possess, and enjoy, rent free, until her dower was assigned her; and as there never

was any assignment made of her dower, there is no pretext for charging either defendant for the use of the plantation during her life; and we understand the object of the bill, as respects the claim for rent, to be for the rent which accrued during the life of the mother of the complainants, who was the widow of the intestate.

With respect to the claim set up in the bill, as to the negro woman and personal estate, the liability of the defendants, Cephas and Jonathan Simmons, is no doubt co-extensive with the right to which the complainants have shewn themselves to be entitled to recover. Those defendants are the sureties in the bond which was given by the administratrix for a faithful discharge of her official duties; and in the discharge of those duties, it was as much incumbent upon the administratrix to guard the interest of the distributees, as respects the negro woman which came to her possession, as any of the personal estate which came to her hands to be administered, so that for any abuse of her official conduct, either in omitting to hire out the negro, or in selling her, whether that abuse arose before or after the marriage of the administratrix to Chaplin, or whether the abuse arose from her own voluntary act, or the act of her husband, the sureties in the official bond are equally liable to the complainants.

*An administratrix and her sureties are liable to the distributees for omission to hire out slaves, & for the sale of slaves made by her after-married husband, with or without her consent.*

But the liability of the husband Chaplin, is not measured by the same broad rule of right in the complainants. He is, no doubt, liable to account for whatever of the personal estate of the intestate was held by the administratrix in her official character at the time of his marriage, as well as for any abuse of official duty, either in omitting to hire the negro, or in selling her after his marriage. Upon his marriage, it devolved upon him to act in relation to the negro and personal estate of the intestate, of which his wife was then in her official capacity possessed, as would have been incumbent upon his wife, as administratrix, to have acted if she had remained sole and unmarried; and for not having done so, he is as much bound to the distributees of the intestate as if he had been the lawfully ap-

*After-married husband of an administratrix, is liable, even after her death, for whatever of intestate's goods remained in her hands at the marriage, and on all causes of action accruing during the coverture.*

CHAPLIN &c.
vs.
SIMMONS' h's.

Otherwise as to the liabilities she had incurred before the coverture, for then he is liable only in case of a recovery against him before her death.

The distributees being infants, and having resided with their mother, the adm'x, no interest on their distributive shares allowed.

pointed admistrator. His liability arose from his own acts and conduct, and must be considered as still continuing, though his wife is dead.

But not so as to the personal estate of the intestate, which was received by his wife the administratrix, but which was not held by her in that capacity at the time of her marriage with him. He no doubt, by his marriage, became responsible for all her existing liabilities, whether those liabilities arose out of her official acts or otherwise; but it was a responsibility cast upon him by construction of law, and did not continue, and cannot be enforced after the death of his wife.

This difference of liability between the defendants, it will be necessary for the circuit court to regard and observe, in the decree which it may be proper to make, when the cause goes back to that court.

Subject to this difference of liability between the defendants, the amount which the complainants are entitled to recover, is easily ascertained.

A charge in their favor should first be made for the whole of the personal estate; and from that amount should be deducted whatever has been paid for the funeral charges, and other legal expenses in the administration of the estate, together with the debts which were owing by the intestate. After making this deduction, and after substracting from the balance one third thereof for the widow's distributive share, the remainder will be the amount of the personal estate for which the complainants are entitled to a decree.

We have omitted to say any thing as to interest on the amount; and we have done so, because the complainants are all infants, and have been maintained by the administratrix, and there has never been any person to whom payment could legally have been made by the administratrix, of their distributive shares; and because, under such circumstances, the complainants are understood to have no legal claim for interest.

To the amount of personal estate so ascertained,

should be added, in favor of the complainants, the value of the negro woman which has been sold, and also her annual hire from the intestate's death, after deducting from the hire, up to the death of the administratrix, a reasonable commission for services in the administration, and one third of the balance for the interest to which, as widow, the administratrix was entitled.

Before, however, any addition in favor of the complainants is made on account of the hire of the negro, an estimate should be made of a reasonable allowance for educating and boarding the complainants respectively; but in estimating the value of boarding, the account against neither of the complainants should be brought down further than to the time of their being respectively able, by ordinary and proper labour to pay for their board.

After the estimate is so made, the amount charged to each should be made to sink so much of their respective interests in the hire of the negro, but the interests of neither in the hire should abate more than the amount separately chargeable to them, and none of the complainants should be made liable for boarding or other expenses beyond their respective interests in the hire. The hire of the negro must be brought down to the time of taking the account, and the value of the negro must be estimated as of that time.

The decree must be reversed with costs, the cause remanded to the court below, and such proceedings, orders and decrees there made, as may not be inconsistent with the principles of this opinion.

*Rudd* for plaintiffs; *Chapeze* for defendants.

CHAPLIN &c.
vs.
SIMMONS' h's.

Adm'x who unnecessarily sells a slave, shall account for the value of the slave, and also the hire up to the time of the distribution.

Infant children may be charged the amount of the hire of a slave administratrix had unnecessarily sold, and for which she accounts for their maintenance, but no part of the principal shall be sunk.

Infants shall not be charged for maintenance after they are able to maintain themselves.